**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**MEMPHIS LIGHT GAS & WATER,**

**Plaintiff,**

**vs.**                                                        **No. 2:22-cv-02065-MSN-atc**

**FACTORY MUTUAL INSURANCE
COMPANY d/b/a FM GLOBAL,**

**Defendant.**

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

---

Pursuant to Federal Rule of Civil Procedure 51(a)(1) and this Court's Pretrial Procedures [ECF No. 41], Plaintiff, Memphis Light Gas & Water ("MLGW" or "Plaintiff"), submits the following proposed jury instructions for consideration by the Court. Pursuant to Rule 52(a)(2), Plaintiff reserves the right to supplement or amend these proposed jury instructions based on the proof and Court rulings at trial.

## I. PRELIMINARY INSTRUCTIONS

### Before Voir Dire

You have been summoned as prospective jurors in a civil case involving property insurance coverage. The parties involved are:  Plaintiff, Memphis Light, Gas and Water Division, also commonly referred to as MLGW, and Defendant, Factory Mutual Insurance Company, d/b/a FM Global. MLGW's attorneys are Mike McLaren and Amy Worrell Sterling with the law firm Black McLaren Jones Ryland & Griffee. FM Global's attorneys are Jefferson Orr and Blake Creekmur with the law firm Smith Cashion & Orr.

You will be asked questions by the Court and by the attorneys. Although some of the questions may seem to be personal, they are intended to find out if you have any knowledge of this particular case, if you have any opinion that you cannot put aside, or if you have had any experience in life that might cause you to identify yourself with one party or another. Jurors must be as free as humanly possible from bias, prejudice, or sympathy and must not be influenced by preconceived ideas about the facts or the law. The parties are entitled to jurors who approach this case with open minds until a verdict is reached.

Each party has a right to request that a certain number of prospective jurors be excused. If you are excused you should not consider it a reflection on you in any way.

<u>After Voir Dire, Before Opening Statements</u>

Ladies and gentlemen of the jury, now that you have been sworn in, I am going to give you some instructions to guide you in your participation in the trial, what your duties will be, and how you should conduct yourselves during the trial. I will give you further instructions on the law after you have heard and seen all of the evidence.

All of the instructions are equally important. The order in which instructions are given has no significance. You must follow all of the instructions and not single out some and ignore others.

As the trial judge, it is my responsibility to advise you what law is applicable to this case. You must accept and apply the law as given. As jurors it is your exclusive duty to decide all questions of fact submitted to you and for that purpose to determine the effect and value of the evidence. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. You must not be influenced by any personal likes or dislikes, prejudice or sympathy. You must decide the case solely on the evidence before you and according to the law given to you.

Before you begin to hear and see evidence, however, the attorneys will make their opening statements. These statements will be brief outlines of what the attorneys expect the evidence to be. The attorneys are also permitted to make additional statements at the end of the case; these are called "closing statements." Unless you are otherwise instructed, opening and closing statements made by the attorneys are not evidence. Those statements are made only to help you understand the evidence and apply the law to the evidence in the case. You should ignore any statement by any attorney that is not supported by the evidence you will hear and see during the trial.

Also you should not assume from anything I may have said or done that I have an opinion concerning any of the issues before you in this case. Except for my instructions to you, you should disregard anything I may have said in arriving at your own decision concerning the facts.

The evidence generally consists of the numbered exhibits and the testimony of witnesses. The plaintiff will present evidence first. The defendant then will be given the opportunity to present evidence. Normally, the plaintiff will present all of the plaintiff's evidence before the other party presents any evidence. Exceptions are sometimes made, however, usually to accommodate a witness.

The witnesses will testify in response to questions from the attorneys. Witnesses are first asked questions by the party who calls the witness to testify and then the other party is permitted to cross-examine the witness. Although evidence is presented by asking questions, the questions themselves are not evidence. An insinuation contained in a question is not evidence. You should consider a question only as it gives meaning to a witness's answer.

During the trial, objections may be made to evidence or trial procedures. I may sustain objections to questions asked without permitting a witness to answer, or I may instruct you to disregard an answer that has been given. In deciding this case, you may not draw any inference from an unanswered question, and you may not consider testimony that you are instructed to disregard.

Any arguments about objections or motions are usually required to be made by the attorneys out of the hearing of the jury. Information may be excluded because it is not legally admissible. Excluded information cannot be considered in reaching your decision. A ruling that is made on an objection or motion will be based solely upon the law. You must not infer from a ruling that I hold any view or opinion for or against any party in this lawsuit.

There are several rules concerning your conduct during the trial and during recesses that you should keep in mind.

First, do not conduct your own private investigation into this case, although you may be tempted to do so. For example, do not visit the scene of an incident, read any textbooks or articles concerning any issue in this case, or consult any other source of information, including those on Google or elsewhere on the internet. If you were to do that, you would be getting information that is not evidence. You must decide this case only on the evidence and law presented to you during the trial. Any juror who receives any information about this case other than that presented at trial must notify the court immediately.

Second, do not discuss the case either among yourselves or with anyone else during the trial. You must keep an open mind until you have heard all the evidence, the attorneys' closing arguments and my final instructions concerning the law. Any discussions before the conclusion of the case would be premature and improper.

Third, do not permit any other person to discuss the case in your presence. If anyone does attempt to do so, report this fact to the Court immediately without discussing the incident with any of the other jurors.

Fourth, do not speak to any of the attorneys, parties or witnesses in this case, even for the limited purpose of saying good morning. They are also instructed not to talk to you. In no other way can all the parties feel assured of your absolute impartiality.

Fifth, you must not use electronic devices to communicate with or provide any information, photographs or video to anyone by any means about this case. You must not use any electronic device or media, any text or instant messaging service; or any chat room, blog, or website to communicate with anyone or to conduct any research about this case. These devices may be used

during breaks or recesses for personal reasons, but must not be used at any time during the trial to

receive or send information about any issues related to this trial.

## II. GENERAL INSTRUCTIONS

<u>Juror Notes</u>

You are permitted to take notes during the trial. You may take notes only of verbal testimony from witnesses, including witnesses presented by deposition or videotape. You may not take notes during the opening statements or closing arguments or take notes of objections made to the evidence. You may not take notes during breaks or recesses. Notes may be made only in open court while witnesses are testifying.

Your notes should not contain personal reactions or comments, but rather should be limited to a brief, factual summary of testimony you think is important. Please do not let your note-taking distract you and cause you to miss what the witness said or how the witness said it. Remember that some testimony may not appear to be important to you at the time. That same testimony, however, may become important later in the trial.

Your notes are not evidence. You should not view your notes as authoritative records or consider them as a transcript of the testimony. Your notes may be incomplete or contain errors and are not an exact account of what was said by a witness.

T.P.I. – Civil 1.03 (21st ed.)

<u>Organization or Entity Parties Not to be Prejudiced</u>

In this case, the parties are organizations or entities, including a public utility created as a division of a municipality and an insurance company. The fact that parties are organizations or entities must not influence you in your deliberations or in your verdict. Entities and natural individuals are both persons in the eyes of the law, and both are entitled to the same fair and impartial consideration and to justice by the same legal standards.

T.P.I. – Civil 1.05 (21st ed.)

## Burden of Proof and Consideration of the Evidence

I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the theories in the case.

When a party denies the material allegations of the other party's claims or affirmative defenses, the law places upon the party bringing the claim or affirmative defense the burden of supporting and making out each element of its claim or affirmative defense by the greater weight or preponderance of the evidence.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue, regardless of who presented it.


T.P.I. – Civil 2.40 (21st ed.)

<u>Evidence</u>

You are to decide this case only from the evidence which was presented at this trial. The evidence consists of:

1. The sworn testimony of the witnesses who have testified, both in person and by deposition;

2. The exhibits that were received and marked as evidence;

3. Any facts to which all the lawyers have agreed or stipulated; and

4. Any other matters that I have instructed you to consider as evidence.

D&B 71.08/T.P.I. – Civil 2.01 (21st ed.)

<u>Direct and Circumstantial Evidence</u>

There are two kinds of evidence:  direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of a witness about what the witness personally observed.

Circumstantial evidence is indirect evidence that gives you clues about what happened. Circumstantial evidence is proof of a fact, or a group of facts, that causes you to conclude that another fact exists. It is for you to decide whether a fact has been proved by circumstantial evidence. If you base your decision upon circumstantial evidence, you must be convinced that the conclusion you reach is more probable than any other explanation.

For example, if a witness testified that the witness saw it raining outside, that would be direct evidence that it was raining. If a witness testified that the witness saw someone enter a room wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

In making your decision, you must consider all the evidence in light of reason, experience and common sense.

D&B 72.02/ T.P.I. – Civil 2.02 (21st ed.)

<u>Weighing Conflicting Testimony</u>

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You should not decide an issue by the simple process of counting the number of witnesses who have testified on each side. You must consider all the evidence in the case. You may decide that the testimony of fewer witnesses on one side is more convincing than the testimony of more witnesses on the other side.

T.P.I. – Civil 2.03 (21st ed.)

<u>Credibility of Witnesses</u>

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

(1)     Was the witness able to see, or hear, or know the things about which that witness testified?

(2)     How well was the witness able to recall and describe those things?

(3)     What was the witness's manner while testifying?

(4)     Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5)     How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6)     Was the witness's testimony contradicted by what that witness had said or done at another time, including in his or her deposition, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's appearance, bearing and

demeanor, or because of the inherent improbability of the testimony of the witness, or for other reasons sufficient to you, that such testimony is not worthy of belief.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

These are some of the factors you may consider in deciding whether to believe testimony.

D&B 73.01 / 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 105.01 (5th ed.); T.P.I. – Civil 2.20 (21st ed.)

<u>Discrepancies in Testimony</u>

There may be discrepancies or differences within a witness's testimony or between the testimonies of different witnesses. This does not necessarily mean that a witness should be disbelieved. Sometimes when two people observe an event they will see and hear it differently. Sometimes a witness may have an innocent lapse of memory. Witnesses may testify honestly but simply may be wrong about what they thought they saw or remembered. You should consider whether a discrepancy relates to an important fact or only to an unimportant detail.

T.P.I. – Civil 2.21 (21st ed.)

<u>Impeachment of Witnesses</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely under oath about any material matter, you have a right to distrust the witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


D&B 73.01/ 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, Jury Instructions § 105.04 (5th ed.).

<u>Witness Willfully False</u>

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case. If so, you may reject everything that witness said. On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

T.P.I. – Civil 2.22 (21st ed.)

<u>Interrogatories</u>

During the course of the trial you may hear reference made to the word "interrogatory." An interrogatory is a written question that must be answered under oath in writing. You are to consider interrogatories and their answers as if the questions had been asked and answered in court.

T.P.I. – Civil 2.07 (21st ed.)

Deposition Testimony

Certain testimony has been presented by deposition. A deposition is testimony taken under oath before the trial and preserved in writing or on videotape. You are to consider that testimony as if it had been given in court.

T.P.I. – Civil 2.06 (21st ed.)

<u>Expert Testimony – Determination of Weight</u>

Usually witnesses are not permitted to testify as to opinions or conclusions. However, a witness who has scientific, technical, or other specialized knowledge, skill, experience, training, or education may be permitted to give testimony in the form of an opinion. Those witnesses are often referred to as "expert witnesses."

You should determine the weight that should be given to each expert's opinion and resolve conflicts in the testimony of different expert witnesses. You should consider:

1. The education, qualifications, and experience of the witnesses; and

2. The credibility of the witnesses; and

3. The facts relied upon by the witnesses to support the opinion; and

4. The reasoning used by witnesses to arrive at the opinion.

You should consider each expert opinion and give it the weight, if any, that you think it deserves. You are not required to accept the opinion of any expert.

T.P.I. – Civil 2.30 (21st ed.)

Hypothetical Question

An expert witness was asked to assume that certain facts were true and to give an opinion based upon that assumption. This is called a hypothetical question. You must determine if any fact assumed by the witness has not been established by the evidence and the effect of that omission, if any, upon the value of the opinion.

T.P.I. – Civil 2.31 (21st ed.)

<u>Limited Admission of Evidence</u>

Whenever evidence was admitted for a limited purpose, you must not consider it for any other purpose. Your attention was called to these matters when the evidence was admitted.

T.P.I. – Civil 2.05 (21st ed.)

<u>Statements of Counsel – Evidence Stricken Out – Insinuations of Questions</u>

In reaching your verdict you may consider only the evidence that was admitted.  Remember that any questions, objections, statements or arguments made by the attorneys during the trial are not evidence. Demonstrative aids used by the attorneys is also not to be considered as evidence. If the attorneys have stipulated or agreed to any fact, however, you will regard that fact as having been proved.

Testimony that you have been instructed to disregard is not evidence and must not be considered. If evidence has been received only for a limited purpose, you must follow the limiting instructions I have given you. You are to decide the case solely on the evidence received at trial.

T.P.I. – Civil 15.03 (21st ed.)

<u>Ordinary Observations and Experiences</u>

Although you must only consider the evidence in this case in reaching your verdict, you are not required to set aside your common knowledge. You are permitted to weigh the evidence in the light of your common sense, observations and experience.

T.P.I. – Civil 15.04 (21st ed.)

### III. STATEMENT OF THE CASE

<u>Nature of the Claim</u>

This case arises out of an insurance coverage dispute between MLGW, the insured party, and FM Global, the insurer. During all relevant times, FM Global issued an "all risk" insurance policy covering physical damage to MLGW's property, including but not limited to the MLGW administration building and its attached underground parking garage located at 220 South Main Street in downtown Memphis. It is alleged by MLGW that the underground garage suffered structural damage caused by Winter Storm Uri in February 2021. Memphis received 10 inches of snow and ice accumulation during Winter Storm Uri. On February 17, 2021 alone, Memphis received nearly 5 inches of snow. Early in the morning of February 18, 2021, an MLGW employee discovered concrete on the ground of the underground parking level, directly under the south grass lawn that sat atop the garage and where precipitation had accumulated. Upon immediate inspection by structural engineers, it was determined that the garage had suffered structural damage from shear failure and/or shear cracking at the south end of the garage level. MLGW had scaffolding placed to prevent further damage. MLGW submitted a claim to its insurer, FM Global, seeking coverage for the damage to the garage that MLGW reported was caused by the weight of the snow on the grass lawn above the garage. FM Global denied coverage for the damage to the garage. While FM Global acknowledged that the garage was covered by its insurance policy, FM Global denied coverage for MLGW's damages and took the position that the damage sustained was excluded under the Policy's exclusions for cracking, defective construction and design, wear and tear, and temperature changes. MLGW repaired the garage and incurred costs for repairs.

MLGW filed this lawsuit against FM Global on February 4, 2022, and requests a judgment that declares MLGW has coverage under the insurance policy for the damage to the underground

garage, and that FM Global violated the insurance policy by failing to provide coverage. MLGW also requests a monetary judgment for breach of contract, and seeks to recover the costs of the garage repairs in the amount of $3,647,742. FM Global denies that there is coverage under the insurance policy and denies that it is liable to MLGW for the damage to the garage.

<u>Stipulated Facts</u>

Before the trial of this case, the parties agreed to the truth of certain facts in this action. As a result of this agreement, the Plaintiff and the Defendant entered into certain stipulations in which they agreed that the stipulated facts could be taken as true without either party presenting further proof on the matter. This procedure is often followed to save time in establishing facts which are undisputed. The parties are bound by this agreement, and in your consideration of the evidence you are to treat these facts as proven.

The parties have stipulated that:

1.      MLGW's administration building, located at 220 South Main Street in downtown Memphis, has an underground parking garage that is partially under a grass lawn.

2.      The building and garage were designed in 1967 and constructed shortly thereafter.

3.      The garage's roof structure is a cast-in-place concrete waffle slab.

4.      FM Global issued an all-risk insurance policy to MLGW, number 1070271, effective June 15, 2020, through June 1, 2021 (the "Policy").

5.      The Policy is a binding contract between MLGW and FM Global.

6.      The Policy applies to certain real property owned by MLGW, including the underground parking garage located at the administration building.

7.      The Policy does not contain a collapse exclusion.

8.      Between February 10, 2021, and February 18, 2021, the Memphis area received a total of 10 inches of snow.

9.      On February 17, 2021 alone, Memphis received 4.7 inches of snow.

10.     On the morning of February 18, 2021, concrete was discovered on the floor of the south-end of Level A of the underground parking garage, around column C-2.

11.     The garage sustained a shear failure in the area around column C-2, and damage was also observed in other areas in the garage.

12.     The damaged areas are in the south end of the garage and are directly under the grass lawn.

13.     MLGW had scaffolding placed to shore up the garage to prevent further damage and to make the garage safe for MLGW's employees.

14.     MLGW submitted a Loss Notice Form to FM Global for the damage to the garage that MLGW claimed was caused by weather on August 11, 2021, which included an estimated amount of loss. MLGW later submitted a sworn, amended proof of loss on January 27, 2022.

15.     Repairs were performed on the garage and completed in 2022.

16.     The repairs included enlarging and thickening of the solid concrete areas near columns C-2 and F-2, and the addition of steel beam supports in areas near columns H-4, C-3, C-4, and A-2.

17.     MLGW paid $3,647,742 in costs for mitigation and repairs performed on the garage.

18.     FM Global denied coverage for the damage to the garage.

19.     FM Global's denial of coverage was based on the findings and conclusions of Emilio Solis, an engineer hired by FM Global to investigate the claim, and exclusions in the Policy that FM Global asserted applied, included the cracking exclusion, defective construction and design exclusion, wear and tear exclusion, and exclusion for temperature change damage.

D& B 72.08; T.P.I. – Civil 2.09 (21st ed.)

## IV.  GENERAL INSTRUCTIONS ON THE APPLICABLE LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you in the law that applies to this case. You must follow the law as I provide it to you.

I will explain the various elements, or parts, that the Plaintiff must prove for its claim before moving to the possible damages that may be awarded. I will also explain the various elements, or parts, that the Defendant must prove for its affirmative defenses. If any lawyer has told you that the law is different from what I tell you it is, you must, of course, take the law as I give it to you. That is my duty. However, it is your duty, and yours alone, to determine what the facts are and after you have determined what the facts are, to apply those facts to the law as I give it to you, free from any bias, prejudice or sympathy, either one way or the other.

T.P.I. – Civil 15.01 (21st ed.)

<u>Declaratory Judgment</u>

You must determine if MLGW should be awarded a declaratory judgment in this case. MLGW has requested a declaratory judgment declaring that MLGW has coverage under the insurance policy for the repair of the garage and that FM Global violated the policy by failing to provide the coverage. MLGW has also requested a declaration of the amount of its damages.

The purpose of a declaratory judgment claim is to resolve a dispute and afford relief from uncertainty with respect to rights, status, and other legal relations.

*Cannon County Bd. of Educ. v. Wade*, 178 S.W.3d 725 (Tenn. 2005).

<u>Breach of Contract Claim</u>

MLGW has brought suit against FM Global seeking to recover benefits on an all-risk insurance policy. MLGW seeks payment under the policy's terms for the loss it incurred to repair the damage to the garage.

An insurance policy is a contract. As a contract, an insurance policy is the law between the parties and, where the language of the policy is clear and unambiguous, it must be enforced as written.

To prevail on a breach of contract claim, a plaintiff must prove that it was more likely than not that:

1. An enforceable contract existed between the parties;

2. The defendant materially breached the contract; and

3. The plaintiff was damaged by the breach.

Here, the parties stipulated that the all-risk insurance policy is a binding contract between MLGW and FM Global, thus the issues you must decide are whether MLGW proved by a preponderance of the evidence that FM Global breached the insurance policy and whether MLGW was damaged by the breach.

T.P.I. – Civil 13.01, 13.10, 13.20 (21st ed.); *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

## Breach of an Insurance Policy

As it has been established that the insurance policy is a valid contract between MLGW and FM Global, you must determine whether FM Global breached the insurance policy. MLGW contends that FM Global breached the contract of insurance by failing to pay for the covered loss or damage to the garage that was sustained in February 2021. FM Global contends that it did not breach the policy because MLGW's loss resulted from excluded causes.

If a party does not perform according to the contract terms, that party has committed a breach of the contract. Any unexcused breach of contract allows a non-breaching party to recover damages.

Here, the insurance policy is an "all risk" policy, which means it provides coverage for any loss, even those not usually contemplated, unless the policy contains a provision expressly excluding the loss from coverage. With respect to an all-risk insurance policy, MLGW has the initial burden of proving by a preponderance of the evidence that it suffered an accidental loss to property covered by the insurance policy. It is the burden of FM Global to prove by a preponderance of the evidence that an exclusion applies to prevent recovery under the policy.

If you find that MLGW proved it suffered an accidental loss to the garage and that there was not an exclusion that prevented recovery under the policy, you must find that FM Global breached the contract of insurance.

T.P.I. – Civil 13.01, 13.07, 13.10, 13.20, 13.21 (21st ed.); *Southeast Mental Health Ctr., Inc. v. Pac. Ins. Co.*, 439 F. Supp. 2d 831, 835 (W.D. Tenn. 2006); *Blaine Constr. Corp. v. Insurance Co. of N. Am.*, 171 F.3d 343, 349 (6th Cir. 1999); *HCA, Inc. v. Am. Prot. Ins. Co.*, 174 S.W.3d 184, 187-88 (Tenn. Ct. App. 2005).

<u>Policy Exclusions</u>

An insurance company's burden requires it to prove that the damage to the covered property resulted from a cause falling within an exclusion. Exclusions in insurance policies must be strictly construed against the insurance company and in favor of the insured. If an insurer drafts a policy that is ambiguous, any ambiguity must be construed in favor of the insured party. An ambiguity exists if the language is reasonably susceptible to two meanings, meaning that the language could be fairly understood in more ways than one.

T.P.I. – Civil 13.22 (21st ed.); *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 (Tenn. 1991); *Blaine Constr. Corp. v. Insurance Co. of N. Am.*, 171 F.3d 343, 349 (6th Cir. 1999); *HCA, Inc. v. Am. Prot. Ins. Co.*, 174 S.W.3d 184, 187-88 (Tenn. Ct. App. 2005); *Southeast Mental Health Ctr., Inc. v. Pac. Ins. Co.*, 439 F. Supp. 2d 831, 835 (W.D. Tenn. 2006).

<u>Concurrent Causation</u>

If FM Global proves it is more likely than not that an excluded cause contributed to the garage damage, you must also determine if the damage was caused in substantial part by a risk for which the policy provides coverage.

Coverage is not defeated simply because an excluded risk might be one of multiple causes of the loss. An insurance company is not excused from its obligations under the policy if the loss resulted in substantial part from a risk for which the policy provides coverage. There is coverage where a nonexcluded cause is a substantial factor in producing the damage, even if an excluded cause may have contributed in some form to the ultimate result and, standing alone, would have properly invoked the policy's exclusion.

*Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 887-88 (Tenn. 1991).

<u>Collapse Coverage</u>

In considering FM Global's affirmative defense that MLGW cannot recover because of the cracking exclusion, you must determine if the damage to the garage amounted to a collapse.

Here, the parties have stipulated that the policy does not contain a collapse exclusion, thus a collapse is covered under the all-risk policy. A structure is not required to completely fall in or be completely destroyed to be considered in a state of "collapse" for purposes of insurance coverage. If there is a substantial impairment of the structural integrity of the building or any part of the building, it is considered a "collapse" and is covered by the all-risk policy.

*Rankin v. Generali-United States Branch*, 986 S.W.2d 237, 238-39 (Tenn. Ct. App. 1998).

## V.  DAMAGES

If you find in favor of Plaintiff on its claims, you will then turn to the question of damages. It is my duty to instruct you as to the proper measure of damages to be applied in that circumstance.

The fact that I instruct you as to the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case, in keeping with the other instructions I have given you.

## Breach of Contract Damages

If you find by a preponderance of the evidence that MLGW is entitled to a verdict against FM Global for breach of contract, then you must determine the amount of damages that MLGW should recover.

MLGW is entitled to be placed in as good a position as it would have occupied had the contract been fulfilled in accordance with its terms. MLGW is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance. The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

T.P.I. – Civil 14.70 (21st ed.)

Pre-Judgment Interest

MLGW seeks an award of prejudgment interest from FM Global. If MLGW is entitled to recover a judgment under the insurance policy, you may in your discretion award interest on the amount awarded at a rate not greater than 10% per year calculated from any date you choose beginning on or after September 27, 2021. The dollar amount of prejudgment interest will be calculated by the court at simple interest.


T.P.I. – Civil 13.35 (21st ed.)

## VI.  VERDICT FORM

Finally, ladies and gentlemen, we come to the point where we will discuss the form of your verdict and the process of your deliberations. You will be taking with you to the jury room a verdict form where you record your decisions. The verdict form reads as follows:

[Read Verdict Form – see below]

Your attitude and conduct at the beginning of your deliberations are very important. It is rarely productive for any juror to immediately announce a determination to hold firm for a certain verdict before any deliberations or discussions take place. Taking that position might make it difficult for you to consider the opinions of your fellow jurors or change your mind, even if you later decide that you might be wrong. Please remember that you are not advocates for one party or another. You are the judges of the facts in this case.

You will be selecting a Presiding Juror after you retire to the jury room. That person will preside over your deliberations and be your spokesperson here in court. When you have completed your deliberations, your Presiding Juror will fill in and sign the verdict form.

Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each of you agree to that verdict. That is, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without giving up your individual judgments. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest

conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

We will be sending with you to the jury room all of the exhibits in the case. You may not have seen all of these previously and they will be there for your review and consideration. You may take a break before you begin deliberating but do not begin to deliberate and do not discuss the case at any time unless all [eight] of you are present together in the jury room. Some of you have taken notes. I remind you that these are for your own individual use only and are to be used by you only to refresh your recollection about the case. They are not to be shown to others or otherwise used as a basis for your discussion about the case.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Security Officer who will bring it to my attention. I will then respond as promptly as possible after conferring with counsel, either in writing or by having you return to the courtroom so that I can address you. Please understand that I may only answer questions about the law and I cannot answer questions about the evidence. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time. In other words, don't tell me what the jury vote is.

<u>Verdict Form</u>

We, the jury, unanimously answer the questions submitted by the Court as follows:

1.      Did MLGW prove by a preponderance of the evidence that it suffered an accidental loss to the garage in February 2021?

> YES _____
>
> NO   _____
>
> *If you answered "YES" to question 1, then proceed to question 2. If you answered "NO", then you do not need to answer any further questions.*

2.      Did MLGW prove by a preponderance of the evidence that there was substantial impairment of the structural integrity of the garage?

> YES _____
>
> NO   _____
>
> *If you answered "YES" to question 2, then proceed to question 5. If you answered "NO", then proceed to question 3.*

3.      Did FM Global prove by a preponderance of the evidence that an excluded cause contributed to the damage to the garage?

> YES _____
>
> NO   _____
>
> *If you answered "YES" to question 3, then proceed to question 4. If you answered "NO", then proceed to question 5.*

4.      Did MLGW prove by a preponderance of the evidence that the damage to the garage resulted in substantial part from a nonexcluded cause, or a risk for which the policy provides coverage?

> YES _____
>
> NO   _____
>
> *If you answered "YES" to question 4, then proceed to question 5. If you answered "NO", then you do not need to answer any further questions.*

41

5.      If you answered "YES" to questions 2 or 4, or you answered "NO" to question 3, you have returned a verdict in favor MLGW on its declaratory judgment and breach of contract claims, and you must answer the following question:  What amount of damages is MLGW entitled to recover as a result of FM Global's breach of the insurance policy?

$\qquad$ \$_____

6.      (a) What annual percentage of pre-judgment interest, if any, do you award to MLGW?

_____%

*If you awarded any percentage higher than 0%, answer part (b) of question 6. If you wrote in 0%, you do not need to answer any further questions.*

(b) From what date should prejudgment interest be awarded? This can be any date you choose beginning on or after September 27, 2021.

_____

_____
Signature of Presiding Juror

_____
Date

Respectfully submitted,

BLACK   MCLAREN   JONES   RYLAND   &
   GRIFFEE, P.C.


*s/ Amy Worrell Sterling*
Michael G. McLaren (#5100)
Amy Worrell Sterling (#25773)
530 Oak Court Drive, Suite 360
Memphis, Tennessee 38117
(901) 762-0535
mmclaren@blackmclaw.com
asterling@blackmclaw.com

*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 21st day of February, 2024, a true and correct copy of the above and foregoing document has been served via the Court's ECF filing system on the following counsel of record:

Jefferson C. Orr
Blake E. Creekmur
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, Tennessee 37203
jorr@smithcashion.com
bcreekmur@smithcashion.com

                      *s/ Amy Worrell Sterling*